I concur with that part of the majority opinion that affirms the appellant's convictions for trafficking in methamphetamine and unlawful possession of drug paraphernalia. However, for the reasons set forth below, I dissent from the majority's decision to remand this case for the trial court to enter judgments and impose sentences with regard to Counts II and V of the indictment.
In this case, the State presented evidence that, on June 26, 2002, law enforcement officers found a coffeepot in the *Page 1019 
kitchen of the appellant's mobile home that had a bi-layered liquid that contained methamphetamine. It also presented evidence that, in a plastic box outside of the mobile home, officers found bi-layered liquids in a two-liter bottle and a twenty-ounce bottle; that each of those bi-layered liquids contained methamphetamine; and that the methamphetamine in those two bottles weighed a total of 671.89 grams. With regard to July 10, 2002, Dean testified that officers found a plate that had a razor blade, a glass smoking tube, and finished product methamphetamine on it; that those items indicated that the plate had been used to evaporate the liquid out of the methamphetamine; that the finished methamphetamine had been scraped up; and that the glass tube had been used to ingest the methamphetamine. Furthermore, officers also found a glass jug in a bag that contained a bi-layered liquid that contained 1,055.60 grams of methamphetamine.
The record on appeal does not include the parties' opening and closing arguments. During its oral charge, the trial court instructed the jury that it could convict the appellant of trafficking in methamphetamine if it determined that the appellant had manufactured or possessed the requisite amount of methamphetamine. After an off-the-record discussion, the trial court instructed the jury on unlawful pos-session of a controlled substance as a lesser included offense of both trafficking charges and as a lesser included offense of both unlawful manufacture of a controlled substance charges.
Based on the record before us, this court cannot determine whether the jury found the appellant guilty of trafficking because it believed that he had manufactured the entire amount of methamphetamine that law enforcement officers discovered on June 26, 2002, and the entire amount of methamphetamine that officers discovered on July 10, 2002, or whether the jury found the appellant guilty because it believed that he had manufactured only a portion of the methamphetamine discovered in each instance, but possessed the remainder of the methamphetamine discovered in each instance.
Moreover, the trial court did not make any findings of fact regarding its decision to hold Counts II and V in abeyance. Therefore, this court cannot determine whether the trial court concluded that, based on the facts of this particular case, unlawful manufacture and trafficking constituted the same offense; whether it concluded that unlawful manufacture was a lesser included offense of trafficking under the facts of this case; or whether the trial court concluded that the State did not present sufficient evidence to support a conviction for both first-degree unlawful manufacture of a controlled substance and trafficking in methamphetamine with regard to each incident. The trial court was not required to set forth its findings regarding its decision. However, based on the unique circumstances of this case, this court cannot properly review the trial court's decision to hold Counts II and V in abeyance without such findings. Accordingly, this court should remand this case to the trial court with instructions that that court make specific, written findings regarding the basis for its decision to hold Counts II and V in abeyance.
 *Page 86